**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-60664
Summary Calendar

JULIE WOODS DAVIS

Plaintiff - Appellant

VERSUS

AIG LIFE INSURANCE COMPANY

Defendant - Appellee

Appeal from the United States District Court
For the Southern District of Mississippi
3:94-CV-512-WS
April 26, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant sued to recover benefits under an accidental death policy issued to Ethyl Corporation and allegedly covering her deceased husband who was an Ethyl employee. The insurer sought summary judgment alleging that the claim was governed by ERISA and that Appellant had not exhausted her administrative remedies under the Plan. The district court agreed and granted summary judgment dismissing Appellant's claims without prejudice. We affirm.

---

[1] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Appellant raised two issues on appeal: Is ERISA applicable? If so, is administrative exhaustion futile? While Appellant lists the first issue it is not adequately briefed therefore we do not consider it. Villanueva v. CNA Insurance Companies, 868 F.2d 684, 687 n.5 (5th Cir. 1989). Even if we did consider the argument, the facts are undisputed that the benefit of the policy in question was extended to employees by Ethyl Corporation as part of an ERISA plan.

Appellant contends that exhaustion of administrative remedies should be excused as futile principally because the outcome is certain since, in its letter denying her claim, the Appellee stated its reasons for considering the death not accidental and indicated it would hold her to a clear and objective evidence standard to prevail on administrative review. These arguments cannot prevail in the face of legal precedent in this Circuit beginning with Denton v. First National Bank, in which an employee contended that the employer's hostility toward him was such as to make administrative remedies futile:

> Pursuing his administrative remedy after the denial of benefits would have allowed the trustees to reconsider their decision on Denton's request. The primary purposes of the exhaustion requirement are to: (1) uphold Congress' desire the ERISA trustees be responsible for their actions, not the federal courts; (2) provide a sufficiently clear record of administrative action if litigation should ensue; and (3) assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not de novo. Accordingly, decisions for the trustees are disturbed only if they are arbitrary and capricious, not on the basis of what the district court would have done in the first instance. This is necessary to keep from turning every ERISA action, literally, into a federal case.

> The logic behind the exhaustion requirement was set forth

2

in <u>Amato v. Bernard</u>, 618 F.2d 559 (9th Cir. 1980). The <u>Amato</u> court required benefit claimants to exhaust their administrative remedies prior to seeking federal court review of a benefit denial. The court based its decision on an examination of the legislative history of ERISA which clearly suggested that "Congress intended to grant authority to the courts to apply the exhaustion doctrine in suits arising under the act." <u>Denton</u>. 765 F.2d 1295 (5th Cir. 1985).

The various public policies strongly supporting the exhaustion requirement are further stated in <u>Medina v. Anthem Life Insurance Co.</u>, 983 F.2d 29 (5th Cir. 1993) and in the Eighth Circuit opinion in <u>Conley v. Pitney Bowes</u>, 34 F.3d 714 (8th Cir. 1994).

Appellant complains that the administrative process lacks necessary standards and guidelines and that only insurance company personnel will be involved, thereby foreclosing the possibility of a favorable result. These arguments have been found invalid in <u>Denton</u>.

> If <u>Denton</u>'s view of exhaustion were to prevail, no plaintiff who knew how to claim "bitterness or hostility" on the part of the Plan's review committee could be compelled to submit his claim for administrative review of the denial of benefits prior to filing of a federal lawsuit. Accordingly, benefit disputes would not only be more numerous and more often frivolous, but less defined as a result of this evasion of the Congressionally mandated administrative process. We agree with <u>Amato</u> that Congress, in enacting ERISA, clearly wanted potential plaintiffs to first exhaust their administrative remedies before resorting to the federal courts . . . .

> Another important facet of the exhaustion requirement is that it prevents fiduciaries from avoiding their duties under the Plan by insulating all benefit decisions in the protective mantel of federal judicial review. If fiduciaries were to find their decisions more closely supervised by an intervening federal judiciary, it is likely that they would go to court to seek instruction by declaratory relief on questions involving claims for benefits, rather than deciding those questions themselves as Congress intended. By requiring exhaustion of remedies, we strike a balance between judicial intervention and the discharge of the fiduciary's duties. <u>Denton</u>, 765 F.2d at 1303 and n.13.

Exhaustion is to be excused only in the most exceptional circumstances.  Communications Workers of America v. AT&T, 40 F.3d 426 (D.C. Circuit 1994).  This is not such a case.

Appellant's state law claims were properly denied as preempted by ERISA.

AFFIRMED.